# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMBROSE MCDANIEL, SR.,<br><br>       Plaintiff,<br><br>v.<br><br>MILWAUKEE POLICE DEPARTMENT, JAMES HUNTER, JOLENE DEL-MORAL, SHELLI ZOLO, JOSE VIERA, JEFFREY CLINE, MICHAEL MALDONADO, STEVE WELLS, MILWAUKEE DISTRICT ATTORNEY'S OFFICE, JACK EICHORST, ALICIA KORT, FIRST JUDICIAL DISTRICT OF WISCONSIN, BARRY PHILLIPS, MILWAUKEE COUNTY COURTHOUSE, CHRISTOPHER DEE, WISCONSIN STATE PUBLIC DEFENDER'S OFFICE, and COLLEEN TAYLOR,<br><br>       Defendants. | Case No. 24-CV-504-JPS<br><br><br>**ORDER** |

  Plaintiff Ambrose McDaniel, Sr. ("Plaintiff"), an inmate confined at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the above-captioned Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, grants Plaintiff's motion to add an additional attachment to his complaint, ECF No. 6, denies several discovery-related motions and requests that Plaintiff

has filed, ECF Nos. 8, 9, 10, 12, 16, and screens Plaintiff's complaint and additional attachment.

1.  **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 30, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $27.85. ECF No. 5. Plaintiff paid that fee on May 17, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.  **SCREENING THE COMPLAINT**

    **2.1  Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Initially, the Court will grant Plaintiff's motion to amend his complaint, ECF No. 6, which the Court construes merely as a motion to supplement the record by adding an additional attachment to the original complaint. The Court gleans the following facts and claims from the complaint and additional attachment. ECF Nos. 1, 6-1. Plaintiff represents that all facts and claims "derive from Case [No.] 22CF226," which the Court understands to refer to a state court criminal case captioned *State v.*

*McDaniel*, Case No. 2022CF000226 (Milwaukee County Jan. 14, 2022), in which Plaintiff was charged with, found guilty following a jury trial of, and sentenced for repeated sexual assault of the same child in violation of Wis. Stat. § 948.025(1)(e) (the "State Case").[1] ECF No. 1 at 6.

Plaintiff lists eight enumerated claims. First, he alleges that in January 2022,[2] Defendants Jose Viera ("Viera") and Jeffrey Cline ("Cline"), Milwaukee Police Department officers, used excessive force on him. *Id.* Viera and Cline pursued Plaintiff with a K-9 unit and riot shield even though Plaintiff was not considered a violent offender, had never resisted arrest, had never assaulted an officer, and had never been given notice that he was needed for questioning. *Id.* Plaintiff contends that Viera and Cline accordingly "used greater force than reasonably necessary to effectuate the arrest" in violation of the Fourth Amendment. *Id.*

Second, Plaintiff raises claims of discovery violations against Defendant Jack Eichorst ("Eichorst"), an assistant district attorney in Milwaukee. *Id.* at 2–3. Plaintiff asserts that Eichorst failed to disclose in discovery a police report of an interview with the alleged victim in the State Case, in violation of his prosecutorial disclosure obligations. *Id.* at 3.

Third, Plaintiff alleges that Defendants Jolene Del-Moral ("Del-Moral"), a Milwaukee Police Department detective; Alicia Kort ("Kort"), an

---

[1] *Available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF000226&countyNo=40 &index=0&mode=details (last visited July 2, 2024) (hereinafter, the "State Case Docket").

[2] Plaintiff's complaint states that his arrest took place in January 2024. ECF No. 1 at 6. However, based on the other dates used in the complaint and additional attachment, as well as listed on the State Case Docket, the Court believes that Plaintiff meant to write that his arrest took place in January 2022.

assistant district attorney in Milwaukee; Barry Phillips ("Phillips"), a Milwaukee County judicial court commissioner; and Shelli Zolo ("Zolo"), a Milwaukee Police Department officer, sought and/or issued a search warrant for, and/or then conducted an illegal search and seizure of, Plaintiff's cell phone data. *Id.* at 7–8. Plaintiff alleges that the warrant and search were illegal because these Defendants learned about the description of the device from an illegal interview with the alleged victim. *Id.*

Fourth, Plaintiff alleges that Defendants James Hunter ("Hunter"), Steve Wells ("Wells"), and Del-Moral, each detectives with the Milwaukee Police Department, and Michael Maldonado ("Maldonado"), a Milwaukee Police Department officer, engaged in police misconduct. *Id.* at 8. In January 2022, the alleged victim in the State Case told these Defendants that she had "evidence dating back to the start of the crimes." *Id.* She also stated that multiple witnesses existed that were "obtainable and relevant." *Id.* These Defendants failed to preserve and disclose information from their conversations with the alleged victim and asked the alleged victim leading questions. *Id.* They also failed to follow standard procedure, which "led to the destruction of exculpatory or potentially exculpatory evidence." *Id.* at 8–9; *see also* ECF No. 6-1 at 1–2.

Fifth, Plaintiff alleges that Defendants Eichorst, Hunter, Wells, and Del-Moral are liable for a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) for neglecting to preserve witness statements and evidence from their interviews with the alleged victim in the State Case. ECF No. 1 at 9. Plaintiff also asserts that these Defendants suppressed exculpatory or potentially exculpatory witness statements. *Id.*; *see also* ECF No. 6-1 at 3.

Sixth, Plaintiff alleges that Kort and Eichorst engaged in prosecutorial misconduct. ECF No. 1 at 3. Plaintiff claims that these

Defendants knew that the police failed to capture evidence and witness statements in the State Case but failed themselves to remedy these errors or recover such evidence. *Id.* Eichorst also lied to the jury, and Kort approved search warrants without reviewing case specifics. *Id.*; *see also* ECF No. 6-1 at 4–6, 7–8 (also alleging that hearsay statements were allowed in the State Case and that Plaintiff was permitted to be bound over for trial in the State Case based on misbehavior by certain Defendants).

Seventh, Plaintiff alleges that Defendant Christopher Dee ("Judge Dee"), a Milwaukee County Circuit Court judge, erred in the State Case by failing to relieve a juror, failing to sustain objections, failing to call a mistrial, and letting the jury review the alleged victim's forensic interview during deliberations. ECF No. 1 at 4; *see also* ECF No. 6-1 at 11–14.

Finally, Plaintiff alleges that his defense counsel in the State Case, Defendant Colleen Taylor ("Taylor"), failed to cross-examine witnesses, make objections, or argue properly, amounting to ineffective assistance of counsel. ECF No. 1 at 4; ECF No. 6-1 at 9.

As relief, Plaintiff seeks a letter from the prosecutor Defendants apologizing and "acknowledging that they failed to do their due diligence," monetary damages for pain and suffering, fees and costs for this case and the State Case, and a nondisclosure agreement. ECF No. 1 at 10.

### 2.3 Analysis

The facts and claims that Plaintiff pleads raise the question of whether his claims are properly brought as civil rights claims under 42 U.S.C. § 1983, through a petition for habeas corpus, or both. "The general rule is that a plaintiff may not proceed on claims under 42 U.S.C. § 1983 that challenge the fact, duration or validity of his custody unless he first obtains a ruling that his conviction or sentence has been reversed, expunged or

invalidated in state court." *Jackson v. Lemmon*, No. 1:16-CV-2551-WTL-DKL, 2017 WL 11547938, at *2 (S.D. Ind. Feb. 2, 2017) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). In other words, as explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." 512 U.S. at 487.

Plaintiff was sentenced in the State Case in October 2022. State Case Docket. While he has persistently attempted to seek appellate review in the State Case, the most recent pertinent docket entry in the State Case states that Plaintiff's notice of appeal is due in August 2024. *Id.* Thus, his conviction and sentence in the State Case have not been reversed, expunged, or invalidated. This means that Plaintiff may not proceed under § 1983 at this juncture on most of the claims that he wishes to bring.

Plaintiff could bring these claims in a petition for habeas corpus, which is a method to collaterally attack a state conviction and sentence that has not been reversed, expunged, or invalidated in state court. Individuals wishing to challenge *completed* state criminal proceedings may challenge their incarceration under 28 U.S.C. § 2254. *See, e.g.*, *Trepania v. Manning*, 21-cv-39-jdp, 2021 WL 1946397 (W.D. Wis. Apr. 27, 2021). Meanwhile, individuals who are held in state custody for any reason other than a conviction—for example, pretrial or pre-adjudication confinement—may challenge their incarceration under 28 U.S.C. § 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (noting that a habeas petition may be brought pursuant to § 2241 by petitioners held for "some other reason, such as pre-conviction custody") (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

However, whether under § 2241 or § 2254, Plaintiff must exhaust his state court remedies—in other words, present his constitutional arguments at every level of the state court system. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (prohibiting district courts from addressing claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them") (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (same as to § 2241 petitions) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31–33 (7th Cir. 1971)). As noted earlier, Plaintiff's notice of appeal in the State Case is not due until August 2024. State Case Docket. This means that neither the Wisconsin Court of Appeals nor the Wisconsin Supreme Court has reviewed his constitutional arguments. Accordingly, as with § 1983, these claims are not ripe for a habeas corpus petition at this juncture. In any event, Plaintiff should note that his requested monetary relief is not available on a habeas corpus petition. *See Annamalai v. Laird*, No. 16-CV-524-DRH, 2016 WL 3213340, at *2 n.1 (S.D. Ill. June 10, 2016) ("Monetary relief is not available to a petitioner in a habeas action.") (citing *Waletzki v. Keohane*, 13 F.3d 1079, 1081–82 (7th Cir. 1994)).

Ordinarily, "collateral attacks disguised as civil rights actions should be dismissed without . . . prejudice[,]" thus allowing the plaintiff to decide whether to later file a habeas corpus petition, when the claims are exhausted and ripe. *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003); *see also Earls v. Fuchs*, No. 20-CV-635-PP, 2021 WL 1626481, at *2 (E.D. Wis. Apr. 27, 2021), *certificate of appealability denied*, No. 21-1799, 2021 WL 5102807 (7th Cir. Sept. 10, 2021) (explaining that courts may in some instances recharacterize pro se filings as habeas petitions, but since doing so "can have serious consequences," courts should decline to do so without

notifying and warning the pro se litigant first) (quoting *Castro v. United States*, 540 U.S. 375, 377 (2003)).

In this case, the Court will dismiss the applicable claims without prejudice. Plaintiff's enumerated second and fourth through eighth claims—in which he alleges discovery and disclosure violations, court errors, and ineffective assistance of counsel in the State Case and thus plainly challenges the fact, duration, or validity of his conviction and sentence in the State Case—will be dismissed without prejudice. Defendants Eichorst, Hunter, Wells, Maldonado, Judge Dee, Taylor, Milwaukee District Attorney's Office, First Judicial District of Wisconsin, Milwaukee County Courthouse, and Wisconsin State Public Defender's Office will be dismissed from this action on this basis.

However, Plaintiff may proceed on what he labels as his first claim: a Fourth Amendment excessive force claim, including a failure to intervene claim as appropriate, against Viera and Cline. Unlike the claims that the Court has dismissed without prejudice, a claim against Viera and Cline for excessive use of force does not "necessarily impl[y] the invalidity of [Plaintiff's] conviction" in the State Case. *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).

"[A]ll claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "The reasonableness inquiry is an objective one, examining 'whether the officer's actions are objectively reasonable in light of the totality of the facts and circumstances confronting him or her, without regard for consideration of the officer's subjective intent or motivations." *Payne v. Stacy*, Case No. 18-CV-850, 2020 WL 886185, at *3 (E.D. Wis. Feb. 24, 2020), *appeal dismissed*,

Case No. 20-1509, 2020 WL 5793102 (7th Cir. June 12, 2020) (citing *Est. of Williams v. Ind. State Police Dep't*, 797 F.3d 468, 473 (7th Cir. 2015) and *Fitzgerald v. Santoro*, 707 F.3d 725, 733 (7th Cir. 2013)).

Further, an officer can be held liable under the Constitution for failing to stop a constitutional violation by another officer if the first officer: "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)).

Plaintiff claims that Viera and Cline used unnecessary force by pursuing Plaintiff with a K-9 unit and a riot shield despite the fact that Plaintiff was, among other things, a nonviolent offender. At the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed on a Fourth Amendment excessive force claim, including a failure to intervene claim as appropriate, against Viera and Cline.

Plaintiff may also proceed on what he labels as his third claim: a Fourth Amendment illegal search and seizure claim, including a failure to intervene claim as appropriate. Similar to the claims that the Court has dismissed without prejudice, this claim may ultimately be barred by *Heck*. However, the Court declines to make that decision at this juncture. "Many claims that concern how police conduct searches or arrests are compatible with a conviction. For example, an arrest without probable cause violates the [F]ourth [A]mendment but does not imply the invalidity of a conviction, because courts do not 'suppress the body' of the accused . . . . Similarly, a court's decision not to suppress illegally seized evidence can lead to a conviction without blotting out a § 1983 challenge to the seizure." *Mordi v. Zeigler*, 870 F.3d 703, 707–08 (7th Cir. 2017) (quoting *Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010); *see also Simpson v. Rowan*, 73 F.3d 134, 136

(7th Cir. 1995) ("[C]laims relating to an illegal search and an improper arrest are not barred by *Heck* because neither claim, if successful, would necessarily undermine the validity of . . . [the] conviction . . . .") (citing *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) and *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995)).

As noted above, "the ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Riley v. California*, 573 U.S. 373, 381–82 (2014) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). The U.S. Supreme Court has "determined that '[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant.'" *Id.* at 382 (quoting *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995)). Cell phones are equally subject to these requirements. *Id.* at 403. Further, the judicially prescribed "remedial measure" for Fourth Amendment violations—the "suppression or exclusionary rule"—"reaches not only primary evidence obtained as a direct result of an illegal search or seizure, . . . but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" *Segura v. United States*, 468 U.S. 796, 804 (1984) (citing *Weeks v. United States*, 232 U.S. 383, 34 (1914) and quoting *Nardone v. United States*, 308 U.S. 338, 341 (1939)).

Plaintiff claims that Del-Moral, Kort, Phillips, and Zolo illegally seized evidence from his cell phone because, although seized pursuant to a warrant that was sought and issued, that warrant was based on illegally seized information obtained from the alleged victim. At the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed on a Fourth Amendment illegal search and seizure claim, including a failure to

intervene claim as appropriate. However, Plaintiff may only proceed on this claim as against Del-Moral and Zolo.

Kort, an assistant district attorney in Milwaukee, is shielded by prosecutorial immunity. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). However, where a prosecutor is acting not as a legal advocate but as an investigator, he is entitled only to the qualified immunity that would be granted to police officers carrying out those same duties. *Id.* at 511. Courts distinguish these two roles by looking to the function of the action undertaken. An action is prosecutorial if "the prosecutor is, at the time, acting as an officer of the court" and the action itself is "related[ ] to the judicial phase of the criminal process." *Id.* at 510 (citing *Imbler*, 424 U.S. at 430, 431 n.33); *see also id.* at 513 (finding that "[o]nce a defendant is indicted" and the prosecutor begins working towards trial, prosecutorial immunity attaches to his actions).

For example, prosecutorial immunity attaches to the failure to comply with disclosure obligations and the suppression of evidence, *id.* at 513, the initiation of a criminal prosecution, *Imbler*, 424 U.S. at 431, the evaluation and preparation of evidence collected by the police for presentation at trial, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and court appearances to obtain search warrants, *Burns v. Reed*, 500 U.S. 478, 491 (1991). The immunity applies even when the prosecutorial action was done maliciously or unreasonably. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)).

Here, Plaintiff's allegations against Kort involve her decision to obtain a search warrant for his cell phone data. This action falls within the category of prosecutorial duties as opposed to investigation, and, as such, Kort is absolutely immune from suit on this claim, and she will be dismissed as a defendant from this case.

Similarly, Phillips, a Milwaukee County judicial court commissioner, is subject to absolute judicial immunity. Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *See John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989); and *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987)). The doctrine of absolute judicial immunity extends to court commissioners, who are authorized by statute to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judge and the judges of the circuit." *Tocholke v. Wisconsin*, No. 09-C-1125, 2010 WL 2430999, at *3 (E.D. Wis. June 14, 2010), *aff'd*, 413 F. App'x 889 (7th Cir. 2011) (citation omitted). Therefore, because court commissioners "'perform duties functionally comparable to those of a judicial officer[,]' [they] are immune from suit." *Id.* (quoting *Crenshaw v. Baynerd*, 180 F.3d 866, 888 (7th Cir. 1999)).

Here, Plaintiff's allegations against Phillips involve Phillips's issuance of a search warrant for Plaintiff's cell phone data. This act unquestionably was a judicial act, and there are no facts suggesting that Phillips acted in the clear absence of jurisdiction. As such, Phillips is absolutely immune from suit on this claim, and he will be dismissed as a defendant from this case. *See Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) ("If a judge errs 'through inadvertence or otherwise, a party's remedy

is through appellate process.'") (quoting *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985)); *John,* 897 F.2d at 1391 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.") (citing *Stump*, 435 U.S at 356–57 and *Dellenbach*, 889 F.2d at 758).

For all these reasons, Plaintiff may proceed on a Fourth Amendment excessive force claim against Viera and Cline, including a failure to intervene claim as appropriate, and a Fourth Amendment illegal search and seizure claim against Del-Moral and Zolo, including a failure to intervene claim as appropriate. The Court gleans no other viable claims from Plaintiff's well-pleaded allegations. The Court will dismiss the Milwaukee Police Department as a defendant from this action because it appears from the complaint that Plaintiff listed the Milwaukee Police Department merely as a "header" or "title" for the individual defendants, rather than as a standalone defendant. ECF No. 1 at 2. In any event, to sustain a claim against the Milwaukee Police Department, Plaintiff would need to allege a violation of a policy, practice or custom, which he has not done. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978). If the Court has misconstrued Plaintiff's intent, and if he does seek to make a *Monell* claim against the Milwaukee Police Department, he may move to amend his complaint to add such a claim, taking care to plead the requisite elements laid out in *Monell*.

Finally, the Court must address several discovery-related motions and filings that Plaintiff has submitted. These motions will all be denied. The Court denies Plaintiff's motion to suppress his criminal background and the alleged victim in the State Case, as well as his motion for a copy of the alleged victim's forensic interview, because the associated claims are

*Heck*-barred and have been dismissed without prejudice. ECF No. 8. The Court denies Plaintiff's motion to compel a deposition needed for his *Brady* claim on the same basis. ECF No. 16. For the same reasons, the Court denies the portion of Plaintiff's motion, labeled a motion *in limine*, that seeks the discovery and transcripts from the State Case. ECF No. 12.

However, the portion of the purported motion *in limine* seeking the body camera footage of the arresting officers is denied as premature, rather than on the basis that it relates to *Heck*-barred claims. The body camera footage is relevant to Plaintiff's excessive force claim, which the Court will allow to proceed. Nonetheless, as noted, the motion is premature. Following the entry of this Order, the remaining Defendants—Viera, Cline, Del-Moral, and Zolo—will be served with a copy of the complaint, the additional attachment to the complaint, and this Order, and they will be instructed to respond to the complaint. Plaintiff may not seek discovery from these Defendants until they have responded to the complaint and the parties have had their initial discovery conference. *See* Fed. R. Civ. P. 26(d)(1).

Further, once it is time for discovery to take place, under this District's Local Rules, all motions to compel or discovery-related motions "must be accompanied by a written certification" that the movant conferred with the respondent to attempt to resolve the problem before bringing it to the Court. Civ. L.R. 37. Plaintiff should remember this requirement when the time comes for discovery because the Court will deny without prejudice any discovery-related motion that lacks this required certification. For the same reasons—that they are premature and lack a certificate of conferral—the Court denies Plaintiff's motion to waive fees for serving subpoenas and his request that the Court issue a subpoena to the Milwaukee Police

Page 15 of 20
Case 2:24-cv-00504-JPS   Filed 07/02/24   Page 15 of 20   Document 19

Department for the body camera footage of Plaintiff's arrest. ECF Nos. 9, 10.

To the extent that Plaintiff has filed with the Court copies of discovery requests that he seeks to eventually serve on the remaining Defendants—again, when the time comes—the Court reminds Plaintiff, as did the Clerk of Court in a notice that has already been mailed to Plaintiff, that discovery requests must be served on the defendant to whom they are directed by mail or other means of delivery. ECF No. 14. Simply filing discovery requests with the Court, either electronically or by mail, will not qualify as service of those requests pursuant to the Federal Rules of Civil Procedure.

3.   **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** A Fourth Amendment excessive force claim, including a failure to intervene claim as appropriate, against Defendants Viera and Cline.

**Claim Two:** A Fourth Amendment illegal search and seizure claim, including a failure to intervene claim as appropriate, against Defendants Del-Moral and Zolo.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint, as construed merely as a motion to supplement the record by adding an additional attachment to the original complaint, ECF No. 6, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's second and fourth through eighth enumerated claims, which all relate to alleged discovery violations, court errors, and ineffective assistance of counsel in the State Case, ECF No. 1 at 3–4, 6–9, be and the same are hereby **DISMISSED without prejudice** as *Heck*-**barred**;

**IT IS FURTHER ORDERED** that Defendants Milwaukee Police Department, James Hunter, Michael Maldonado, Steve Wells, Milwaukee District Attorney's Office, Jack Eichorst, Alicia Kort, First Judicial District of Wisconsin, Barry Phillips, Milwaukee County Courthouse, Judge Christopher Dee, Wisconsin State Public Defender's Office, and Colleen Taylor be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff's motions to suppress and exclude relevant evidence, motion to waive discovery fees, request for subpoenas to be issued, purported motion *in limine* to compel discovery responses, and motion to compel, ECF Nos. 8, 9, 10, 12, 16, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, ECF No. 1, the additional attachment, ECF No. 6-1, and this Order upon Defendants **Jose Viera, Jeffrey Cline, Jolene Del-Moral, and Shelli Zolo** pursuant to Federal Rule of Civil Procedure 4.

Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Jose Viera, Jeffrey Cline, Jolene Del-Moral, and Shelli Zolo** shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned

that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $322.15 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.