UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMBROSE MCDANIEL, SR., <br><br> Plaintiff, <br><br> v. <br><br> JOLENE DEL-MORAL, SHELLI ZOLO, JOSE VIERA, and JEFFREY CLINE, <br><br> Defendants. | Case No. 24-CV-504-JPS <br><br> **ORDER** |

On July 2, 2024, the Court entered an order that (1) screened Plaintiff's complaint and supplement thereto, (2) found that he could proceed against the above-captioned Defendants on claims of Fourth Amendment excessive force, Fourth Amendment illegal search and seizure, and failure to intervene; and (3) directed the U.S. Marshals Service to serve the above-captioned Defendants. ECF No. 19.

Now before the Court is Plaintiff's "motion to amend and[/]or supplement" his complaint. ECF No. 22. Plaintiff seeks to add a negligence claim against Defendant Jolene Del-Moral, former defendants James Hunter and Michael Maldonado, and Steve Wells, as well as what appears to be a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) against former defendants Milwaukee Police Department and Milwaukee District Attorney's Office. *Id.* He describes the factual predicate for these new claims, while noting that he still "request[s] to retain the excessive force and illegal search and seizure including failure to intervene claims." *Id.* at 1.

Plaintiff is permitted under Federal Rule of Civil Procedure 15(a)(1) to amend his complaint "once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading. Therefore, Plaintiff need not have filed a motion to amend his complaint. Nonetheless, the Court must deny the motion without prejudice and reject the proposed amended complaint. This is so because, under this District's Local Rules, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, *must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference*." Civ. L.R. 15(a) (emphasis added); *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) ("Once an amended pleading is filed, it supersedes the prior pleading.") (citation omitted). Plaintiff has not complied with this rule because his proposed amended complaint attempts to incorporate his original complaint by reference.

Plaintiff may refile an amended complaint that is complete in and of itself, without incorporation by reference of any prior pleading. Civ. L.R. 15(a). He may do so as of right—that is, without filing a motion for leave to amend—if he files the amended complaint within 21 days of service or 21 days after service of the above-captioned Defendants' responsive pleading. Fed. R. Civ. P. 15(a)(1). If he does so, the Court will screen the amended complaint under 28 U.S.C. § 1915A. *See Nygaard v. Neyhard*, No. 21-CV-901-PP, 2023 WL 2391562, at *1 (E.D. Wis. Mar. 7, 2023) (amended complaints filed as of right under Federal Rule of Civil Procedure 15(a)(1) still must be screened under 28 U.S.C. § 1915A). If Plaintiff again files an amended complaint that is incomplete or incorporates prior pleadings by reference, the Court will again reject it for failure to comply with Civil Local Rule 15(a).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his complaint, ECF No. 22, be and the same is hereby **DENIED without prejudice**; Plaintiff's proposed amended complaint is **REJECTED** under Civil Local Rule 15(a).

Dated at Milwaukee, Wisconsin, this 17th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge