# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMBROSE MCDANIEL, SR.,

Plaintiff,

v.

JOLENE DEL-MORAL, SHELLI ZOLO, JOSE VIERA, and JEFFREY CLINE,

Defendants.

Case No. 24-CV-504-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Ambrose McDaniel, Sr. ("McDaniel"), proceeding as a prisoner pro se, filed his complaint on April 26, 2024, alleging violations of his constitutional rights under 42 U.S.C. § 1983. ECF No. 1. On July 2, 2024, the Court screened his complaint, allowing him to proceed on a Fourth Amendment excessive force claim and a Fourth Amendment search and seizure claim. ECF No. 19 at 9–10. Now pending before the Court is Defendants' motion for summary judgment. ECF No. 50. For the reasons set forth below, the Court will grant Defendants' motion.

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016) (citing FED. R. CIV. P. 56(a) and *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 978 (7th Cir. 2014)). A fact is "material" if it "might affect the outcome of the suit" under the

applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016) (citing *Burritt v. Ditlefsen*, 807 F.3d 239, 248 (7th Cir. 2015)).

> At summary judgment a court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party.

*Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). Ultimately, "the non-movant need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994) (collecting cases). "Summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Com. Underwriters Ins. Co. v. Aires Env't Servs., Ltd.*, 259 F.3d 792, 795 (7th Cir. 2001) (citing *Wolf v. N.W. Ind. Symphony Soc.*, 250 F.3d 1136, 1141 (7th Cir. 2001)).

## 3. FACTS

On January 12, 2022, Defendants Jose Viera ("Viera") and Jeffrey Cline ("Cline") arrested McDaniel at his residence. ECF No. 43-4 at 1–2. McDaniel surrendered himself after the officers told him that they would deploy a canine if he did not come out of his residence's basement. *Id.* at 2.

At no point did the canine physically contact McDaniel. *Id.* Viera was holding a riot shield that he did not use in the arrest. *Id.* at 1. After searching McDaniel, Viera discovered two phones, an iPhone with a glitter case and a Samsung Galaxy A12 with a black and gray case. *Id.* at 2.

The officers arrested him in connection to an interview with a minor child the previous day. *Id.* at 1. The child told Defendant Jolene Del Moral ("Moral") that McDaniel had recorded himself assaulting her with an iPhone with a yellow case. *Id.* After McDaniel's arrest, Defendant Shelli Zolo ("Zolo") swore out an affidavit for a warrant to search the phones discovered on McDaniel at the time of his arrest. *Id.* at 2–3.

In August 2022, McDaniel was found guilty of sexual assault at a jury trial. *Wisconsin v. McDaniel*, 2022CF000226, Aug. 31, 2022 docket entry (Milwaukee Cnty. Cir. Ct. 2022) *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF000226&countyNo=40&mode=details (last visited Nov. 3, 2026). On August 1, 2025, McDaniel filed a notice of appeal with the Wisconsin Court of Appeals. *Id.*, Aug. 1, 2025 docket entry. The Court of Appeals has since dismissed McDaniel's appeal. *Id.*, July 9, 2026 docket entry.

## 4. ANALYSIS

First, the Court notes that, as McDaniel's appeal has concluded, consideration of summary judgment is now appropriate under. *Younger v. Harris*, 41 U.S. 37 (1971).

Defendants argue that qualified immunity bars both of Plaintiff's claims. ECF No. 51 at 5–7, 11. As to McDaniel's excessive force claim, Defendants argue that McDaniel was arrested with minimal force and no clearly established law prevented them from doing so. *Id.* at 6–7. And as to McDaniel's search and seizure claim, they argue that they had probable

cause based on the facts of the case to search the cell phones and in the absence of clearly established law they are entitled to qualified immunity. *Id.* at 11.

Qualified immunity is an affirmative defense which bars liability for "government officials performing discretionary functions . . . if their conduct could reasonably have been thought consistent with the rights" they violated. *Borello v. Allison*, 446 F.3d 742, 746 (7th Cir. 2006) (quoting *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1013 (7th Cir. 2006)). Defeating qualified immunity requires showing (1) a violation of a constitutional right, and (2) that the right was clearly established at the time of the violation. *Sinn v. Lemmon*, 911 F.3d 412, 418 (7th Cir. 2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "[Q]ualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Once a defendant properly raises qualified immunity as an affirmative defense, the burden shifts to the plaintiff to defeat it. *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019) (citing *Purvis v. Oest*, 614 F.3d 713, 717 (7th Cir. 2010)).

McDaniel has failed to file a response to Defendants' renewed motion for summary judgment. As Defendants have properly raised qualified immunity in response to his claims, McDaniel's lack of response means that he has failed to bear his burden. *See Leiser*, 933 F.3d at 701. Accordingly, the Court will grant summary judgment to Defendants on both of McDaniel's claims.

However, in the interest of justice, the Court also considers McDaniel's response, ECF No. 47, to Defendants' initial motion for summary judgment, ECF No. 43. In that response, McDaniel merely

contests some of the facts at issue in this case. For example, he states "[t]here's times when the dog's whereabouts are unknown." ECF No. 47 at 1. While disputes of fact may defeat qualified immunity, McDaniel does not dispute *material* facts or point to closely analogous case law that would support denial of qualified immunity based on the facts he does dispute.

Further, McDaniel's response fails to show that the constitutional rights that he alleges were violated were clearly established at the time of the events of which he complains. While he need not cite "a federal decision which precisely mirrors the facts of this case," the law requires that McDaniel "at a minimum point to a closely analogous case," which he has failed to do. *Trover v. Oglesby*, No. 24-1733, 2026 WL 457254 (7th Cir. Feb. 18, 2026) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)). As the Seventh Circuit held in *Sinn* and reiterated in *Trover*, McDaniel had to do more. *Sinn*, 911 F.3d at 419 (affirming judgment on the pleadings where plaintiff failed to respond to qualified immunity arguments); *see also Trover*, 2026 WL 457254, at *3–4. McDaniel's response brief fails to even mention the doctrine of qualified immunity.[1]

A defendant may alternatively demonstrate a violation of a clearly established right by conduct so egregious that no reasonable officer could have thought their actions lawful. *Abbott v. Sangamon County*, 705 F.3d 706, 723–24 (7th Cir. 2013) (citing *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008)). However, the minimal force used to arrest McDaniel and a routine search of the phones discovered on his person falls short of such conduct.

---

[1]The Court notes that Defendants raised qualified immunity in their initial summary judgment briefing and McDaniel was therefore on notice of the argument. *See* ECF No. 45-2.

Even if the Court were to consider McDaniel's response brief to the earlier motion, summary judgment would still be appropriate.

Accordingly,

**IT IS ORDERED** that Defendants Jolene Del-Moral, Shelli Zolo, Jose Viera, and Jeffrey Cline's motion for summary judgment, ECF No. 50, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to

closely review all applicable rules and determine what, if any, further action is appropriate in a case.